We'll move to the next case of the day, Collier v. SP Plus Corporation, number 17-2431. Mr. Siegel. Good morning, and may it please the Court, Counsel. The errors bringing this case before the Court today, or one of the errors bringing this case before the Court today, was the dismissal rather than the remand of a cause that the Court below concluded it lacked subject matter jurisdiction over. At this point, there is no disagreement that remand was the trial court's only proper remedy after it determined it lacked subject matter jurisdiction. Appellees concede this point at page 21 of their brief. The reason we're here, however, is the appellees in the process of making that concession in the Court below also invited error by moving the district court, or by suggesting to the district court that it could have jurisdiction if it simply dismissed plaintiff's case, and then invited an amendment to the pleadings to create, in essence, actual damages sufficient to support Article III standing. This did three things. In other words, what happened when the Court actually took this action, the Court below issued a judgment on the pleadings, in essence. On an action it also concluded in the same document that it lacked Article III standing over, or excuse me, Article III subject matter jurisdiction over. It also impermissibly shifted the burden of demonstrating jurisdiction on the non-removing party. So in this case, the burden was always on appellees to demonstrate standing. So Mr. Siegel, is it your hope that you can go back to state court and get a state court to award damages under a federal statute without having standing under the federal statute? Well, when you say it like that, it sounds like it's a bad thing. It does. Tell me why it's not. It's not because the statute that plaintiffs have brought their case under, the Fair and Accurate Credit Transaction Act, says by its own terms it may be brought in any court with competent jurisdiction, which there's no argument includes a state court. So let's suppose that happens. You win. I don't know if any of these cases ever go to trial, but let's indulge the hypothesis. Sure. You go to trial. You win. The Illinois Supreme Court ultimately affirms that damage award, and the defendant seeks review in the U.S. Supreme Court. And you argue no standing. Well, again, I would respond in two parts, if I could. The issue of futility, even if the case is going to go nowhere in state court, which we vehemently deny, but even if the case were going to go nowhere in state court, that futility of the case, if it gets remanded to state court, is an irrelevant consideration at this stage. The remand statute says, thou shalt remand. So the court below should have remanded. Counsel, can I ask you a question about the Illinois Constitution, which I think goes to Judge Hamilton's point as well? Does the Illinois Constitution, is part of the reason you think you can succeed in Illinois, that the Illinois Constitution does not itself have a standing requirement or an injury in fact requirement, as some state constitutions do not? That's correct. And the statute that the plaintiffs are suing under creates statutory damages, which our review of Illinois law is that that is cognizable damages under FACTA, under the Fair and Accurate Credit Transaction Act. So under Judge Hamilton's hypothetical, it might be possible that the case would have to end in the Illinois Supreme Court because the United States Supreme Court could not in fact review it, because the United States Supreme Court would lack Article III jurisdiction, even though the Illinois Supreme Court could render a decision under this federal statute. It's an interesting hypothetical, but yes, Your Honor, I believe that. Well, it's not hypothetical. It's your hope, right? Well, yeah, but I mean at that point, presumably we would have conditionally certified a class. Additional plaintiffs may join. Again, it's all hypothetical at this point, but there may be a plaintiff that could say, hi, yes, my identity was stolen shortly after I was issued a receipt by appellees. So yes, I mean at that point, there would be additional plaintiffs. Presumably there would be a class. There would be discovery. The currently named plaintiffs may have damages at that point, actual damages under Article III. It may be all in one point. But doesn't, as far as these plaintiffs go, doesn't the district court's decision resolve that issue definitively? I'm sorry, I don't follow. It resolves the actual injury issue definitively for Ms. Collier and who's the other? Benjamin Sykes. Mr. Sykes. Yes. Whether it does or it doesn't, it's really irrelevant. The court, with all due respect to the court, shouldn't have reached that issue. As soon as the court concluded that it lacked subject matter jurisdiction, it was time to return it. Why did it lack subject matter jurisdiction? Plaintiffs were unable to demonstrate, at least at the pleading stage, that they had actual damages. So why is that not, in essence, an issue that is definitively decided in this case, not subject to further reexamination? It would. However, the evidence would be later on, assuming remand happens, where in state court plaintiffs are able to demonstrate either through discovery or the passage of time actual damages, at which point the pleadings would be deemed to conform to the evidence. So you want to be able still to get out from under this ruling? I'm sorry? You still want to be able to get out from under the jurisdictional ruling? Correct. And could the case then be removed again? If the defendants are able to demonstrate, presumably, that would assert actual injury. If plaintiffs were to join the case or these plaintiffs were to assert or be able to demonstrate Article III, you know, damage is sufficient to set up Article III damages, theoretically, the defendants could reassert or remove the cause, yes. And that's statutory damages? In addition to statutory damages. Well, what else? I mean, what's the injury? I mean, if somebody's credit card is stolen, okay, and they go through all of this process, I never look at that to see whether they put the expiration date on a receipt. Nobody else does either except, I guess, somebody did. So that's what it comes down to, even though the courts pretty much said there's really no injury there. Well, the injury, Your Honor, is if somebody's identity gets stolen, they have to spend time and attorney fees, and they have to go through credit issues to get their good name back. Okay. Which, thankfully, for these two particular plaintiffs, they did not have to go through that. Did they get their identity stolen? They are not currently aware whether they had their identity stolen. I see. And this was how long ago, 2015? This was 2015. The case has been pending for about, you know, not quite three years now, yes. I'll go ahead and reserve the balance of my time. Okay. Thank you, Mr. Siegel. Mr. Gustafson? Out here at the ragged edge of federalism. I beg your pardon, Judge? Out here at the ragged edge of federalism. You know, Judge, I was tempted to use the restroom, but I figure if you have to sit through this, I'll sit through it too. May it please the Court? We asked for the jobs. So did I. Your Honors, in this case, it's not a simple removal subject jurisdiction matter case, and the reason is because the plaintiffs in this case allege an actual injury. You will recall from the record that this case began in federal court in Ohio with a nearly identical complaint. That complaint was subject to a motion to dismiss by this defendant on the grounds that they didn't satisfy the actual injury requirement under Article III of the Constitution. Plaintiff voluntarily dismissed after that motion was filed. Plaintiff refiled the case, nearly identical in Cook County, Illinois, but there's a significant difference in the allegations between that federal complaint in Ohio and the Cook County complaint here. In paragraphs 57 and 58 of the new complaint, the Cook County complaint, they allege actual damage. And it's not just a we have to go through all these additional efforts type of allegation. Paragraphs 57 and 58 are nearly identical, and each of them say we suffered actual. But you say they didn't suffer actual damage, right? And isn't that the reason why the district court? Because you say they lack standing. I didn't say that they didn't. The defendant didn't say that plaintiffs didn't suffer actual damages. In this case, what SP Plus argues is that they allege that they've incurred an actual injury in excess of $25,000. We don't know what it is. We filed a motion to dismiss because we don't think that that allegation is sufficient. They allege actual injury, but our position is it's not sufficient. What is the actual injury that they allege? That's the basis of our motion to dismiss. And, frankly, that's exactly what Judge Norgel found below. Judge Norgel found they could allege sufficient facts to support their allegation of actual damages. And it's not a mistaken allegation. It's a purposeful allegation because they didn't allege it in their Ohio complaint. They allege it here, and there's only one reason to do that, Judge. The reason is to satisfy Article III standing. But they filed in state court, A. And, B, when you removed, it was your burden under the removal statutes to demonstrate that there was subject matter jurisdiction, that the case could have been filed as an original action in federal district court. The burden was on you. And if there was subject matter jurisdiction lacking in this case, that means that you failed your burden and it needs to go back to state court. Your Honor. What step am I wrong about? The disconnect that I have, and it's a practical issue. It's a practical issue because, in this case, they allege actual injury and actual damages, $25,000. It's a FACTA case, just like this court entertained in the Myers case. Same situation, expiration date on a receipt, almost identical to what this court considered in Myers. They claim their actual damages. We say you haven't sufficiently pled those actual damages. So on the date we filed our notice of removal, there was a basis to remove. Federal question jurisdiction. And for subject matter jurisdiction, they allege actual damages. Where was the standing? I'm sorry? Where was the standing? If they, in fact, have facts to support their allegation, which under Illinois Supreme Court Rule 237 and the similar rule, Federal Rule 11, they have certified that they do, then they would have standing in that case. My motion, the SP plus motion, attacked the sufficiency of their allegation. Now, this court, federal courts all over the country, always on a removal petition can examine whether it has subject matter jurisdiction. That's what happened in the GM case that we cite in our brief. In GM, there was a TCPA case, and there was some question as to whether there was federal jurisdiction over TCPA claims. The defendant, therefore, did not remove the case. But subsequent to having made the decision not to remove and then being barred from removing, and Judge, you asked a question earlier, after the 30 days is over, I'm not aware of a technique or a method where I can seek to remove if plaintiffs later present evidence on their allegation of actual damages. I look like I surprised you, Your Honor. I do. I think that once the case becomes removable. It's 30 days from when it becomes removable. Well, in the GM case, what the court found is that there was an open question as to whether the case was removable, and you should have removed it. And by not removing it, you forfeited your right to remove. That's what happened in the GM case. And keep in mind, Judge, this case was decided, or the notice of removal in this case was filed before Judge Mannion's decision in the Myers case came down. So there was even more of a question of what's necessary to establish standing under Article III. And did you establish standing? Because that was your burden. So did you satisfy? I mean, you're kind of talking around the question that I asked when I laid out the steps. I mean, the district court concluded that there wasn't standing. So at that point, the district court had no choice but to remand for lack of jurisdiction. So I'm not understanding why you think that the district court had the authority to do more than that. Your Honor, I understand your question, and I recognize I haven't answered it directly. And I think the answer is, as we say in our brief, if, in fact, there's not subject matter jurisdiction, the removal statute is plain. Then the case must be remanded. What happened here, though, and the reason I think this case is unique, is because here we have a plaintiff alleging actual damages which would establish standing. And just as Justice Hamilton pointed out earlier, what happens is plaintiff conceding right now that it has no actual damages. And the answer would be we've heard that, well, right now we don't, or we may or we may not, but we may later find that there are actual damages. I don't think that's the case, because to directly answer your earlier question, this is a case where the plaintiff kept the receipt. There's no question here that the receipt is somewhere out there for some evildoer to get their hands on. But going back to your question, Judge, I haven't been able to find authority that I can rely on to specifically say I disagree with you. However, as a practical matter, under the removal statute and under the circumstances in this case, we have a complaint that alleges actual damages. It's not appropriate, I submit, to be forced to go back to the circuit court in Cook County for plaintiffs to be able to establish or try and establish actual damages, at which point I've lost my opportunity to remove in that case. Well, counsel, it often happens in standing cases that plaintiffs file complaints alleging that they've suffered an injury, in fact, alleging that they've suffered actual damages. And when the district court, or if it gets to the court of appeals, the court of appeals examines that contention may well then conclude, despite the fact that the plaintiff's alleged damages, in fact there has been no injury, in fact, and there's no standing. So I don't think you get out of the problem simply by saying, oh, but in this case the plaintiffs did allege that they had suffered an injury, in fact. That doesn't mean they actually did so suffer. And, Your Honor, I can't argue with that, and I won't, except to again repeat that this case is unusual because they have certified in their pleadings that they've suffered actual damages here. Yeah, but you've also got a district court decision that says they don't, right? Well, the district court said that they could well support their factual allegations, and therefore he gave them leave to amend their pleadings. They chose not to, and the result was there should be a remand. But why should we not, in essence, treat that? You don't want this trip to federal court to have been a total waste of your time, as I understand, right? Correct. And what I'm thinking about, in essence, is simply the principle of issue preclusion, that that issue has been resolved. And, by the way, at least the way I read 1446B and C, if the plaintiffs were to try to revive that in state court, to revive this theory of actual damages, you remove again. Well, Judge, I'm just not so certain that issue preclusion will apply because plaintiffs aren't losing that allegation. It hasn't been stricken. And recall, in this case, another... No, it hasn't been stricken, but they have lost. Well, they will have won a remand, in essence, by not disputing your challenge to that, right? So there's a kind of principle of judicial estoppel at work. Plaintiffs have prevailed by taking one position, shouldn't be able to switch from that position in the future. I understand you're cautious. As plaintiff has argued before you today, Judge Hamilton, it's not their burden. I can see their position in the circuit court when we have this argument, which will certainly arise, them saying there wasn't the opportunity to argue because it wasn't my burden to go ahead and prove that I had standing. It absolutely was an opportunity to argue. Okay, well, that's helpful. Judge, I see my time has expired. May I conclude with one more point? Sure, and if anybody else has any additional questions from the panel? Very briefly, again, we have to look at the notice of removal at the time it was filed to determine if removal was proper. Once removal is made, the federal court has the right, obligation, and duty to examine subject matter jurisdiction, which is exactly what happened here. Plaintiffs have made a claim that the removal was in bad faith. At the time the notice of removal was filed, there was a basis to remove this case on federal subject matter jurisdiction. There was a legitimate issue as to, I'm sorry, on the basis of federal question jurisdiction. There was a legitimate question on subject matter jurisdiction, and under the law there was an objectively reasonable basis for removal. Therefore, what we request is that the court let stand Judge Norgal's ruling finding that removal was proper, that there was no bad faith in removal, and we do ask, and I recognize I don't have authority to point to, but we do ask that this case be remanded. We give Judge Norgal an opportunity to ask plaintiffs to either stand on their allegation of actual damages or withdraw them. They have to have, they certify that there's evidence to support those facts. When they file those pleadings, they should be held to that standard. I appreciate the court's time. Okay. Thank you, Mr. Christensen. Mr. Siegel, take an extra two minutes, one extra minute. Go ahead. Thank you. Just a few points. By arguing, as the appellees have, regarding the allegations made in the Illinois complaint versus the Ohio complaint, that actual damages are alleged in the Illinois complaint as opposed to the Ohio complaint, defendants are having to sort of take that complaint out of context, or those allegations out of context. What plaintiffs are saying is that through the passage of discovery, these damages will be established. And furthermore, the full amount that's alleged. So your client who kept the receipt, what's the basis for that allegation of actual damages? Your Honor, I don't want to tip my hand at this point, but it's really a red herring at this point. This would be a good time to go ahead and tip your hand and show that this kind of gamesmanship has a legitimate purpose. The purpose, Your Honor, is that the plaintiffs believe that once they begin discovery, they will discover actual damages. And furthermore, once a class is- That's not an answer. Okay. I'm sorry. What's the basis for believing that somebody who took the unlawfully untruncated receipt and kept it has suffered damages from that violation? Again, and I promise I'm not trying to be cagey. I'm asking under, let's say, Federal Rule 11. Right. The basis of it, Your Honor, is that those records are kept. Those records are kept by the appellees. We know that they're kept by the appellees. If there were to be a data breach, as happens all the time, again, the actual damages are, for these two particular plaintiffs, yet to be determined. But we have reasonable belief, the plaintiffs have a reasonable basis to believe, that actual damages exist out there in the putative class and other potential plaintiffs. And that's simply what they're asking for the opportunity to find out. And is that sufficient for purposes of the Illinois court's jurisdiction? I'm trying to figure out how much gamesmanship was going on. I mean, would that have been sufficient? Even if you had not sustained, this goes back to the question I asked you when you were up for the first time, even if they hadn't sustained an injury in fact, could you have proceeded in the Illinois court based on the facts that you had at the time of filing, as opposed to a federal court because of Article 3? Correct. In the Illinois state court, Your Honor, we would have the opportunity, the statutory damages created under FACTA are cognizable for standing purposes in the Illinois court, or at least there's no indication that they aren't. So Illinois doesn't have the same kind of injury in fact requirement? That's correct. Okay. That's correct. Again, and I would just simply, if I might, keep in mind that this particular case has been going on now for almost 3 years. It'll turn 3 in May. And at the time that appellees removed this case, they had spent the last year and a half arguing that there was no Article 3 standing. There was no Article 3 standing. And then they turn around once the removal happens, these appellees then turn around and say, well, there's enough Article 3 standing here to dismiss the case. Why were they talking about Article 3 standing in the Illinois court? They weren't. They simply filed a notice of removal, and since there was that original jurisdiction, it's a federal statute, it perfunctorily gets sent up to the Northern District of Illinois. And as soon as the case was in the Northern District of Illinois, they turned around and said, no, there's no Article 3 standing here. These plaintiffs don't have these types of damages. In closing, we would simply urge the court to follow its holding in Myers v. Nicolet, remand with instructions to remand to Cook County in order of fees and costs. Do you think there would be any? You haven't mentioned fees and costs until now. I apologize, Your Honor. And you didn't argue it in your brief. Yes. And that's off the table at this point. Understood. With respect to the terms of any remand, do you see any reason why principles of judicial estoppel should not apply to a later attempt to allege actual damages? I actually agree with the appellee in this regard, that I'm not aware and I would certainly never presume to lecture this bench about judicial estoppel. However, my understanding is that until jurisdiction is established. The court always has jurisdiction to determine its own jurisdiction. Right. And issues decided along the way to concluding there's no jurisdiction are definitively decided. I hate to disagree, but I would say that until the court has determined it has jurisdiction, it can't issue any substantive rulings such as judicial estoppel. So do you think, well, how about the citizenship of a party in a diversity case? You don't think a definitive ruling can be made on that issue? If the court determines in the process of making that determination that it has jurisdiction? That it does not. That it does not have jurisdiction. And I apologize, I don't deal with these issues as often as you do, but my understanding is of the law in terms of how issue preclusion works is that until the court has that jurisdiction, until it determines. I think you're confusing issue preclusion with maybe like a law of the case or judicial estoppel. Right. Yes. And you're overlooking jurisdiction to decide jurisdiction. Right. But if there's no jurisdiction. Thank you, counsel. Thank you. The case is taken under advisement.